# ǀ ROYER *against* AKE.

A Justice of the Peace has jurisdiction of a cause of action arising on a covenant, contained in a deed of conveyance, for the payment of a ground-rent; although the action be brought against the assignee of the grantee.

A previous demand of arrears of a rent-charge, is not necessary to the maintenance of an action of covenant for the recovery thereof: nor is a demand necessary before a distress made for such rent; although such action or distress may be against the assignee or the covenantor and grantee.

The *assignee* of a grantee of land, which by the original conveyance was made subject to a rent-charge, is liable for the rent in the same manner as the original grantee.

Although the right of distress, for the arrears of rent, be given by the terms of the deed which contains the reservation, this will not deprive the grantor of any other remedy which the law gives to attain the same end.

A previous demand is indispensable to the exercise of a right to re-enter, for the non-payment of a rent-charge.

The remedies for the recovery of arrears of a rent-charge, are cumulative; the fact, therefore, that there was personal property on the premises granted, which might have been distrained for the payment of the rent, will not avail the assignee, as matter of defence, in an action of covenant against him. It is a covenant running with the land, and the assignee is, therefore, liable in the same manner as the original grantee.

Where such assignee is the holder of several lots, liable to a rent-charge, which he has derived title to, from different persons and at different times, the arrears of such rent, for the different lots, may be recovered in the same action of covenant.

WRIT of error to *Huntingdon* county.

This is an action of covenant, in which *Jacob Ake* was plaintiff in the court below, and brought by him before a Justice, from whose judgment there was an appeal, to recover certain rents, charged upon four lots of ground, numbers 76, 77, 94 and 95, situate in a town of *Huntingdon* county, which had been laid out by him. These lots were sold and conveyed originally to different persons, by deeds mutually executed by *Ake*, and the several grantees; in each of which the *habendum* was to the grantee, "his heirs and assigns, yielding and paying therefor and thereunto, the said *Jacob Ake*, his heirs, executors, administrators or assigns, the first day of November, and every year, the annual rent or sum of one Spanish milled dollar or the value thereof, in lawful money of *Pennsylvania;* the first payment to be made on the first day of November, A. D. 1796, and so on yearly, and every year forever thereafter: provided, always, that if the annual rent, or sum of one Spanish milled dollar, or the value thereof, shall be behind or unpaid, in part or in whole, for the space of five days, after the days of payment, on which the same ought to have been paid as aforesaid, that then it shall and may be lawful for the said *Jacob Ake*, his heirs, executors, administrators or assigns, his or their agent, or attorney to recover the rent unpaid as aforesaid, by distress of

(Royer *v.* Ake.)

the goods and chattels, and in case they be not sufficient, then of the lot of him, the said *W. D.* (grantee,) his heirs, executors, administrators or assignees, rendering the overplus, if any, thereof, after costs being first paid, unto him the said *W. D.* his heirs, executors, administrators or assigns.'' These lots passed through several hands from the respective grantees, until the titles of them all came to be regularly vested in the defendant below, *Samuel Royer,* as assignee of the same, by deeds of conveyance duly executed. Upon a special verdict in the court below, setting forth the original deeds between *Jacob Ake,* and his respective immediate grantees, as also the subsequent deeds of assignment and transfer down to *Samuel Royer,* and the several sums of rent which were due and in arear, upon each lot, all of which had become payable after the assignment to *Samuel Royer;* and likewise that upon the lots, numbers 76 and 77, there were goods and chattels at all times sufficient to have discharged the rents thereof, by distress of the same goods; and farther, that no demand was ever made of the rents from *Samuel Royer* or his tenant, until the bringing of this suit. The court below rendered a judgment in favor of *Jacob Ake* the plaintiff, for the aggregate sum of the rents due upon all the lots.

*Potter* for plaintiff in error.

A Justice of the Peace had not jurisdiction of the subject-matter of this action. The inconvenience which would result, from giving jurisdiction to a Justice of the subject of rent-charge, an incumbrance upon the fee, created by a covenant running with land, is a strong reason to show, that the Legislature did not intend to give it. The 22d section of the act of 20th March, 1810, did not design to embrace any other case of rent, but that which arose on a term of years. And it is equally clear that the 6th section of the act of 22d of March, 1814, did not design to submit to Justices of the Peace, questions arising out of privity of estate. 1 *Bin.* 220.

The action cannot be maintained without a previous demand. *Buskyn* v. *Edmond, Coke Eliz.* 535. If the action were upon express covenant by the defendant, no demand would be necessary, but it is otherwise where there is but an implied liability. *Roll. Ab.* 459. *Letter L, Nos.* 42, 45. *Com. Dig.* 220. *Title, Rent, Letter D, Nos.* 3, 4. 1 *Rawle,* 161.

The remedy stipulated by the parties, in the covenant itself, must be pursued. It is a personal covenant of the alienee, and does not pass to the assignee; for if it did, the plaintiff had a right of action against all or any of those who once owned the lots: if an ownership of the lots created a personal liability, the owner could not divest himself of such liability by a sale of them. The

assignee is not liable. 4 *Yeates,* 387.    All remedies but that pre-scribed, are excluded by the terms of the covenant. 2 *Vern.* 382. If the rent due amounted to more than the value of the lot, which is a probable case, would the law endure a recovery of it from the assignee.    The remedies may be cumulative as against the alienee, but not against the assignee.    An action of covenant will not lie upon a privity of estate, though debt may. 1 *Dal.* 326.  1 *Wash. Ct. Rep.* 375.

It was also argued, that the plaintiff could not recover the rents of the different lots in the same action, inasmuch as the titles were vested in the defendant at different times, by different conveyances from different persons.

*Blanchard* for defendant in error.

The acts of 1810 and 1814, do, by express terms, give jurisdic-tion to a Justice of the Peace, in all cases of rents not exceeding in amount one hundred dollars.    The lots conveyed have nothing to do with the subject-matter of the action, they are but a medium by which the defendant becomes personally liable.    No previous demand is necessary in any case, in order to the maintenance of a common law remedy.    The deed is in consideration of the coven-ants herein after mentioned, to be paid, done and performed by the grantee, his heirs, administrators *and assigns.*    It is not an *implied,* but an *express* covenant, binding upon the assignee who accepts the estate upon the stipulated condition.    There are no terms of exclusion, as to the remedy, contained in the covenant; all the remedies are, therefore, concurrent; and either may be pur-sued by the grantor. 1 *Rawle,* 125.    That covenant was a proper remedy against the assignee, were cited, 1. *Chit. Pl.* 111–274.  3 *Serg. & Rawle,* 502.  2 *Penn. Prac.* 28.  2 *Rawle,* 159.  1 *Rawle,* 161.  2 *Penn. Rep.* 23.  5 *Coke Rep.* 16.  1 *Saund.* 241.  *Stat. Hen.* 8.  *Rob. Dig.* 227.

The court declined to hear any further argument on the point, that the different rents could not be recovered in the same ac-tion.

The opinion of the Court was delivered by

KENNEDY J.—The first error assigned is, that a Justice of the Peace had no jurisdiction of this cause of action.    This is certain-ly a case of rent, and the sixth section of the Act of Assembly, of the 22nd of March 1814 declares, that "Justices of the Peace and Aldermen shall have original jurisdiction of all cases of rent, not exceeding one hundred dollars; to be recovered as debts of sim-ilar amount are recoverable.    The plaintiff's claim before the Justice, as well as afterwards in court, being less than one hundred

(Royer v. Ake.)

dollars, falls directly within the express words of the act, and leaves no ground to entertain the least doubt about its being cognizable before a Justice of the Peace.

The second error assigned is, that no demand was made of the rent by the plaintiff below, before he brought this action. It is contended that this ought to have been done; and the more espe- cially here, when the plaintiff in error was sued in the character of assignee. It may be observed that in case of an indenture, or deed executed by both the lessor and lessee or, grantor and grantee, a covenant to pay the rent therein reserved arises on the words *yielding* and *paying*. *Anon.* 1 *Sid.* 447 *pl.* 9. *Harper* v. *Burgh* or *Bird* 2. *Lev.* 206. *Webb* v. *Russel*, 3 *Term. Rep.* 402 *Vivy- an* v. *Arthur*, 1 *Barn. &; Cres.* 416, *S. C.* 2. *Dow. &; Ry.* 670. It is a covenant which runs with the land, and will be binding on the assignee, without his being specially named. *Porter* v. *Swetnam*, *Sty.* 406. *Isleed* v. *Stonely*, 1 *And.* 82. *Parker* v. *Wibb*, 3 *Salk.* 5 *Halford* v. *Hatch*, 1 *Doug.* 183. *Stevenson* v. *Lambard*, 2 *East.* 575, *&; Vivyan* v. *Arthur*, 1 *Barn. &; Cres-* 416, and as long as he continues to be assignee, he is liable for the rent in the same manner as the lessee or original grantee was.

Of the authorities quoted by the counsel for the plaintiff in er- ror to support his proposition, that a previous demand was ne- cessary to be made before this action could be sustained, *Bufkin* v. *Edmunds Cro. Eliz.* 537, seems to be the only one that is ap- plicable. It was an action of debt for rent, in which a judgment had been rendered for the plaintiff, and by writ of error was taken into the exchequer chamber, where the judgment was reversed for want of other averments in the declaration, beside that of a pre- vious demand, but all the Justices and Barons, except *Anderson*, are said to have held, there ought to be a demand. I have not been able to discover any authority beside this to the same effect; though I must acknowledge that there are but few books to resort to on the subject. I think that the precedents for declarations, to be found in books of authority, in actions of covenant and of debt for rent, do not warrant or support it. A distinction exists be- tween the remedy by re-entry for non-payment of rent, and the remedies by distress, covenant and debt. In the first, a previous demand is indispensably requisite; because the remedy by re-en- try operates in derogation of the grant, and deprives the tenant of his estate: As it is presumed that he is then residing on the premises, in order to pay the rent, for the preservation of his es- tate, the law very properly requires, that the very highest evi- dence of a contrary presumption, which is an actual demand made upon the land, shall be given before so severe a penalty as a forfei-

(Royer *v.* Ake)

ture of his estate shall be inflicted. *Bac. Abr. Tit. Rent.* [I.] *page,* 853, *5th Ed.* But as is here said, "where the remedy for the recovery of the rent is by distress, there needs no demand previous to the distress; though the deed says "that if the rent be behind, *being lawfully demanded,* that the lessor may distrain, when the rent becomes due. So it is, if a *rent charge*" which is the case before the court, "be granted to A. and if it be behind, being *lawfully demanded,* that then A. shall distrain: and he may distrain without any *previous demand,* because this remedy is *not in destruction of the estate.* It is here also said, that "the very taking of the distress is a legal demand, which is all that was required by the deed." The same, I apprehend, may be said of the commencement of an action of debt or of covenant for the rent, that it is but a legal demand of it, from which the tenant may relieve himself by pleading on the return of the writ, that he was ready at the time and place, when and where the rent was to have been paid, ready to pay, but no one appeared to receive it, and that he has ever been and still is ready to pay, and at the same time bring the money into court; this he can do with as much facility as he can relieve himself from the effects of a distress by tendering the rent, which seems to be no hardship. But these cases are much stronger than the case under our consideration, because no demand is required by the terms of the deed. And in pages 356 and 357 of the same book it is said, "if the lessor *forbears to make an actual demand* when the rent is in arrear, he may recover it by *action of debt* or distress, and so continue the lease, because these remedies, being not in defeasance of the grant, the lessor may pursue them without an actual demand." In this respect there can be no distinction between debt and covenant, because whenever the rent arises from a deed executed under the hands and seals of both parties, covenant will lie, upon the same terms with debt, for the rent which may become due.

The third error is, that the court erred in rendering judgment in favour of the plaintiff below in this action, because a different remedy is expressly provided for by the terms of the deed containing the grant and the reservation. It may perhaps be doubtful whether the remedy adopted in this case is not also expressly provided for by the same deed: because there are some authorities which go to shew that the words *"yielding and paying,"* create an *express* covenant to pay the rent. See *Newton* v. *Orsborn, Sty.* 307. *Porter* v. *Swetnam, Sty.* 406, 431. *Hellier.* v. *Casbard,* 1 *Sid.* 240, 266. 1 *Lev.* 127, *Roll. Abr. Cov't.* 519, *pl.* 10. But whether the covenant growing out of these words be considered express or implied, there is nothing in the other remedies mentioned in the deed, nor yet in any other part of that instrument, which tends to prove, that it was the intention of the parties to it,

(Royer *v.* Ake.)

that these words were not to have their ordinary operation and effect. Beside, the remedy given by these words is more favorable for the tenant, than the others which are there mentioned, and it would be strange as well as unreasonable, that because the grantor thought proper to have introduced into the deeds, for his greater security, remedies of the more severe and harsh kind, in order to compel payment of the rent, that the tenant, for that reason, if the grantor should feel so disposed, can not be indulged with. The more mild one is admitted to exist, if the others had not been mentioned. Upon a true construction of the deed, the grantor must be considered as having the right to adopt and pursue either of those remedies at his election, in case the rent should be in arrear. They are cumulative: and if so, it disposes of the fifth and last error, which is, that there were at all times goods sufficient on two of the lots, to have paid the rent in arrear for them. by the terms of the deed, no proceeding is to be had against the lots, in order to obtain payment of the rents becoming due upon them; unless in the event of goods sufficient for that purpose not being found; but there are no words of restriction, as to the grantor's proceeding by action of debt or covenant to recover the rents, whether goods sufficient to discharge them, are to be found upon the premises or not.

The fourth error is the only remaining one to be noticed, and in which we think there is nothing. It is that the plaintiff below, had no right to join his claims for the rent of each of the four lots, all in one action. I must confess, that I can perceive no legal principle whatever, which favors this objection. Each of these demands is precisely of the same character, and existing between the same parties, which makes them most completely joinable. They are so perfectly so, that if the plaintiff below had brought four suits instead of one, the court, upon the application of the defendant ought, and no doubt would, have ordered a consolidation of them, in order to avoid an unnecessary expence, and consumption of time in the trial of them, both to the county and to the parties, unless by doing so, it would have entitled the defendant to a longer stay of execution than he otherwise would have had a right to claim.

                              The judgment is affirmed.